**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 422-064 |
| | * | |
| 2734 PEACHTREE RD NW, UNIT | * | |
| #C202 ATLANTA, GA 30305, | * | |
| | * | |
| Defendant. | * | |

**O R D E R**

Before the Court is Respondents the Ifill Law Group and Pierre Ifill's voluntary motion to dismiss verified claim. (Doc. 13.) Although the Ifill Law Group and Pierre Ifill refer to themselves as Respondents, the Court will construe the term "Respondents" as meaning the "Claimants" in the civil forfeiture action.

As an initial matter, the Court will determine whether the Ifill Law Group and Pierre Ifill have standing to challenge the forfeiture action. United States v. $114,031.00 in U.S. Currency, No. 07-15900, 2008 WL 2640439, at *1 (11th Cir. July 7, 2008) (Courts "are obliged to consider standing *sua sponte* even if the parties have not raised the issue."). "A claimant must satisfy both the requirements of Article III standing as well as statutory standing in order to contest a forfeiture action." Id. (citing United States v. $38,000.00 Dollars in U.S. Currency, 816 F.2d 1538, 1543-44 (11th Cir. 1987)). To satisfy Article III standing,

"a claimant must demonstrate the existence of an injury by establishing either an ownership or lesser possessory interest in the property." Id. (citing Via Mat Int'l South America Ltd. v. United States, 446 F.3d 1258, 1262-63 (11th Cir. 2006)). As for statutory standing, the Civil Asset Forfeiture Reform Act of 2000 provides that "any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions." 18 U.S.C. § 983(a)(4)(A). Supplemental Rule G(5) provides, in part:

> A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:
>
> (A)   identify the specific property claimed;
>
> (B)   identify the claimant and state the claimant's interest in the property;
>
> (C)   be signed by the claimant under penalty of perjury; and
>
> (D)   be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).
>
> . . .
>
> A claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim.

Fed. R. Civ. P., Supp. R. G(5). Therefore, if a claimant fails to comply with Supplemental Rule G(5), they fail to establish statutory standing. $114,031.00 in U.S. Currency, 2008 WL 2640439, at *1.

Here, the Ifill Law Group and Mr. Pierre Ifill lack statutory standing because both parties failed to strictly comply with Supplemental Rule G(5). The Ifill Law Group never filed a verified claim pursuant to Supplemental Rule G(5) but instead answered the complaint. (Doc. 7.) The answer is an improper method for the Ifill Law Group to file a verified claim since it fails to strictly comply with Supplemental Rule G(5). See United States v. $12,126.00 in U.S. Currency, No. 08-16684, 2009 WL 2156960, at *2 (11th Cir. July 21, 2009) (citing $38,000.00 Dollars in U.S. Currency, 816 F.2d at 1547) ("[C]ourts consistently require claimants to strictly comply with the Supplemental Rules"). As for Pierre Ifill, he properly filed his verified claim (Doc. 6), but he did not file an answer as required by Supplemental Rule G(5). Because the Ifill Law Group and Pierre Ifill failed to strictly comply with Supplemental Rule G(5), both parties failed to establish statutory standing.

IT IS THEREFORE ORDERED that the Ifill Law Group and Pierre Ifill are DISMISSED for lack of standing. The Clerk is directed to TERMINATE the Ifill Law Group and Pierre Ifill from this case. As such, the voluntary motion to dismiss is DENIED AS MOOT.

ORDER ENTERED at Augusta, Georgia, this 3rd day of January, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3