# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:22-CR-114 |
| | ) | |
| DENNIS RODRIGUES KINCHEN, | ) | |
| | ) | |

## AGREEMENT

This Agreement (the "Agreement"), effective as of the date of signature of the last signatory (the "Effective Date"), is entered into among the **UNITED STATES OF AMERICA,** acting though the United States Department of Justice and on behalf of the Drug Enforcement Agency and the United States Secret Service (the "United States"); **TWYLA WILSON** ("Wilson"), through her authorized representative; and **COLONY BANK** ("Colony"), through their authorized representative.

## RECITALS

A.    Following an investigation into the criminal activities of Defendant Kinchen, the United States became aware that Defendant Kinchen obtained an Economic Injury Disaster Loan ("EIDL") from the SBA and used the EIDL loan proceeds contrary to law. Such allegations were part of the Indictment. *See* Doc. 3.

B.    The investigation revealed that the EIDL funds were sent to Defendant Kinchen's business account held at Morris Bank and subsequently wired to his business account held at Colony Bank. The EIDL proceeds were used by Defendant

1

Kinchen to purchase CD #213026794 ("Colony CD") at Colony Bank, and the Colony CD was used as collateral to obtain a favorable loan rate from Colony Bank to enable Defendant Kinchen to purchase real property located at 2734 Peachtree Rd NW, Unit #C202, Atlanta, GA 30305 ("the Peachtree Property"). The Ifill Law Group assisted Defendant Kinchen with this purchase, which was completed on November 5, 2021.

C.    On February 11, 2022, Attorney Pierre Ifill ("Attorney Ifill") prepared a quit-claim deed that Defendant Kinchen signed, which deeded the Peachtree Property to the Ifill Law Group. *See* Doc. 151 at 17.

D.    On March 22, 2022, the United States filed a Civil Forfeiture Complaint against the Peachtree Property. *See* Case No. 4:22-cv-064. Attorney Ifill and the Ifill Law Group were emailed a notice and copy of the Complaint the same day it was filed, notifying them of the Government's intent to forfeit the Peachtree Property that was purchased with EIDL loan money. *See* Doc. 219, Exhibit A.

E.    Attorney Ifill sold the Peachtree Property one week after the filing of the Civil Forfeiture Complaint to third-party purchaser, Wilson. *See* Doc. 151 at 23-27. Wilson purchased the property for $328,000. *Id.* at 4. (Purchase and Sale Agreement). A Limited Warranty Deed was executed conveying the Peachtree Property from the Ifill Law Group, LLC to Wilson on March 30, 2022. *Id.* at 22. $306,579.89 was paid to the Ifill Law Group from the real estate closing. *Id.* at 24-27.

F.    Defendant Kinchen pled guilty on January 24, 2023, to a lesser-included offense contained in Count One of the Indictment, charging a violation of 21 U.S.C. §

846, and to Count Eleven of the Indictment, charging a violation of 18 U.S.C. §
1956(h). *See* Doc. 100.

G.    On May 22, 2023, the Government filed a Joint Motion to Approve the
Amended Preliminary Order of Forfeiture, forfeiting to the Government Defendant
Kinchen's interests in all property, real or personal, that was involved in or traceable
to property involved in the 18 U.S.C. § 1956(h) violation, specifically "the Peachtree
Property", and/or the proceeds from the sale of the Peachtree Property, and the
Colony CD which contained $297,336.69 at the time of seizure (the Peachtree
Property, proceeds from the sale of the Peachtree Property, and the Colony CD are
collectively referred to as the "Subject Property"). *See* Doc. 143.

H.    Finding that the Government had established the requisite nexus
between the Subject Property and the offenses committed by Defendant Kinchen
pursuant to 18 U.S.C. § 982(a)(1) and 982(b)(2), and Fed. R. Crim. P. 32.2(b)(1), this
Court entered an Amended Preliminary Order of Forfeiture on May 25, 2023. *See* Doc.
145. The Amended Preliminary Order of Forfeiture authorized the Government to
seize the Subject Property to conduct any proper discovery that may assist in
identifying, locating, or disposing of the Subject Property, any property traceable
thereto, or any property that may be forfeited as substitute assets. The Government
was further authorized to commence any applicable proceedings pursuant to Fed. R.
Crim. P. 32.2(c)(1), and notice was sent to all known third parties in addition to its
publishing on forfeiture.gov.

3

I.    Defendant Kinchen was sentenced on September 26, 2023, and all of the Subject Property forfeited to the United States, was included in the Criminal Judgment. *See* Doc. 209.

J.    Petitions were filed in the ancillary proceeding by Wilson asserting an interest in the Peachtree Property (*See* Doc. 151), by Colony asserting an interest in the Colony CD (*See* Doc. 155), and by Attorney Ifill and the Ifill Law Group asserting an interest in all three assets that makeup the Subject Property. *See* Doc. 219, Exhibit B.

K.    The United States has a *lis pendens* filed on the Peachtree Property and the Colony CD is in the Government's custody. The last remaining forfeitable asset is the $306,579.89 in proceeds from the sale of the Peachtree Property distributed to the Ifill Law Group on March 30, 2022. *See* Doc. 151.

L.    On October 26, 2023, the United States filed a Motion for Post-Indictment Restraining Order for the funds distributed to the Ifill Law Group. *See* Doc 219. Following a Show Cause Hearing held on June 21, 2024, Attorney Ifill, the Ifill Law Group, and the United States entered into a Stipulated Disgorgement Agreement whereby Attorney Ifill and the Ifill Law Group agreed to pay back the forfeited funds to the United States. *See* Doc. 261.

M.    On June 22, 2024, Attorney Ifill and the Ifill Law Group filed a Notice of Withdrawal of their Petition asserting an interest in all three assets that makeup the Subject Property. *See* Doc. 264.

4

N.    The Parties agree, understand, and acknowledge that all of the Subject Property constitutes property, real or personal, that was involved in or traceable to property involved in the 18 U.S.C. § 1956(h) violation Defendant Kinchen was charged with, and is subject to forfeiture to the United States pursuant to 18 U.S.C. § 982(a)(1).

O.    The United States recognizes that for purposes of this ancillary proceeding, both Wilson and Colony are innocent of any wrongdoing and not part of the underlying criminal acts that gave rise to the forfeiture of the Subject Property. None of the remaining Parties have competing claims of ownership on a particular asset, Wilson asserts an interest in the Peachtree Property, Colony asserts an interest in the Colony CD, the United States asserts an interest in the $306,579.89 in proceeds from the sale of the Peachtree Property. Neither party is liable whatsoever to the other, and further, that the Parties specifically deny any such liability.

<u>TERMS AND CONDITIONS</u>

In consideration of the mutual promises and obligations of this Agreement, the Parties agree and covenant as follows:

1.    <u>Disposition of the Subject Property</u>. As soon as practicable following the execution of this Agreement, the Subject Property shall be distributed as set forth in this paragraph:

    a.    The United States agrees to lift the *lis pendens* filed on the Peachtree Property, unencumbering Wilson's title to the real property.

5

    b. The United States agrees to relinquish custody of the Colony CD back to Colony.

    c. The remaining asset of the $306,579.89 in proceeds from the sale of the Peachtree Property shall be forfeited to the United States.

2. <u>Final Order of Forfeiture</u>. In conjunction with the execution of this Agreement, the United States will file a Motion for Final Order of Forfeiture.

3. <u>Parallel Proceeding</u>. After the Final Order of Forfeiture is entered, the United States and Wilson shall file a Joint Motion to dismiss the related civil forfeiture case, Case No. 4:22-cv-064 as moot,

4. <u>Rights of the United States</u>. Pursuant to 18 U.S.C. § 982(a)(1) and 982(b)(2), and Fed. R. Crim. P. 32.2(b)(1), the United States shall have any and all right, title, and interest in the remaining forfeited property of $306,579.89, and is expressly authorized to dispose of such property according to law.

5. <u>Release</u>. All Parties agree to release, remise, and forever discharge the United States of America, and any of its agencies involved in this matter, and the related civil forfeiture Case No. 4:22-cv-064, including but not limited to the Drug Enforcement Administration, the United States Secret Service, its agents and employees, and state and local law enforcement officers and their employers, agents, and employees, past and present, from any and all claims or causes of action which the Parties and their agents, officers, employees, assignees and/or successors in interest have, may have,

6

had, or may have on account of the events or circumstances giving rise to the seizure of the Subject Property. All Parties agree that each party shall bear its own costs and attorneys' fees in this matter.

6. <u>Acknowledgement of Voluntariness</u>. Each Party and signatory to this Agreement represents that it freely and voluntarily enters into this Agreement without any degree of duress or compulsion. Wilson and Colony acknowledge that they have been represented by competent counsel in connection with the negotiation, preparation, and execution of this Agreement, that its provisions and the legal effect of them have been fully explained, and that they have entered into this Agreement freely and voluntarily, without coercion, duress, or undue influence.

7. <u>Binding on Successors and Assigns</u>. The terms and conditions of this Agreement shall be binding upon and are for the benefit of the parties hereto and their respective heirs, executors, administrators, representatives, successors, and assigns.

8. <u>Venue</u>. This Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the Southern District of Georgia in case number 4:22-cr-00144. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any party for that reason in any subsequent dispute.

9. <u>Signatures</u>. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement. Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Agreement. The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

10. <u>Entire Agreement</u>. Each party understands that this Agreement constitutes the entire agreement between them, that this Agreement has no effect on any potential criminal action that may be brought by any state or the United States of America arising out of the facts that gave rise to this forfeiture action, that no promise or inducement has been made except as is set forth herein, and that no representation, agreement, promise or inducement, oral or otherwise, between the Parties and not included herein shall be of any force and effect.

**WHEREFORE**, the Parties stipulate to this Agreement as set forth herein.

[signatures to follow]

8

## THE UNITED STATES OF AMERICA

JILL E. STEINBERG
United States Attorney

*Lindsay Berman-Hansell*                    Date: __8|12|24__

Lindsay N. Berman-Hansell
Assistant United States Attorney
Georgia Bar Number 575823
Post Office Box 8970
Savannah, Georgia 31412
*Counsel for the United States of America*

9

**TWYLA WILSON**

_____

Twyla Wilson
Petitioner

Date: August 2, 2024

_____

Jeffrey H. Schneider, Esq.
*Attorney for Petitioner Twyla Wilson*

Date: August 12, 2024

10

**COLONY BANK**

Colony Bank
Petitioner

Date: 7/25/2024

Wheeler Bryant, Esq.
Moore, Clarke, DuVall & Rodgers, P.C.
*Attorney for Petitioner Colony Bank*

Date: 7/29/24

11